UNITED STATES of America,
Appellee,

v.

Carlos BONILLA, aka "Indigo," Hector Orlando Rocha, aka Mario Gayeyo, aka "Carlos," aka "Triana," Rafael Cuevas, Margarita Lara–Nausa, Carlos Lizcano, Raymundo Augusto Martinez, aka "Muelon," aka "Bugs Bunny," Clara Restrepo, Jaime Restrepo, Defendants,

Luis Alberto VEGA, Maria Marilu Lara–Nausa aka "La Senora," aka "Meri," Max Olaya–Rodriguez, Julio Cesar Casas, Defendants–Appellants.

Nos. 00–1073L, 00–1225C,
00–1402C, 00–1633C.

United States Court of Appeals,
Second Circuit.

July 11, 2001.

Howard Simmons, New York, NY, for appellant, Luis Alberto Vega.

Roger L. Stavis, Stavis & Kornfeld, LLP, New York, NY, for appellant, Maria Marilu Lara–Nausa.

Gerald Bodell, Bridgeport, CT, for appellant, Max Olaya–Rodriguez.

James E. Neuman; Susan M. Damplo & Harvey Fishbein, on the brief, New York, NY, for appellant, Julio Cesar Casas.

Dan Himmelfarb, Assistant United States Attorney, for Mary Jo White, United States Attorney, Southern District of New York; Celeste L. Koeleveld, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present MINER, LEVAL, Circuit Judges, and RAKOFF, District Judge.*

SUMMARY ORDER

This is an appeal by defendants Luis Alberto Vega, Maria Marilu Lara–Nausa, Max Olaya–Rodriguez and Julio Cesar Casas from judgments of conviction upon their pleas of guilty to conspiracy to distribute heroin, 21 U.S.C. § 846. We reject their claims on appeal.

■ Vega's claim that his allocution failed to furnish adequate basis under Fed. R.Crim.P. 11(f) for the judge to accept the plea has no merit. Vega stated that he understood the charges, that he engaged with other persons to make deliveries of heroin and prepare the proceeds of sales for shipment to Colombia and that he engaged in a narcotics conspiracy. The allocution showed there was "a factual basis for the plea." Fed.R.Crim.P. 11(f).

■ Vega and Casas claim their sentences violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). There is no basis for the claim. Vega's sentence was below the statutory maximum of 20 years provided by 21 U.S.C. § 841(b)(1)(C). Casas's sentence—above the maximum provided by § 841(b)(1)(C)—was justified because the indictment charged a conspiracy involving more than one kilogram of heroin and in his plea allocution he admitted that fact.

■ There is no merit to defendant Lara–Nausa's claim that the sentencing court abused its discretion in failing to consider her psychologically dependent mental state in reaching the conclusion that she played the role of manager or supervisor, which resulted in the addition of three levels under U.S.S.G. § 3B1.1.

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Judge Schwartz explicitly found that the abuse she suffered at the hands of her husband had no effect on her participation in the conspiracy.

 We reject also Olaya–Rodriguez's contentions that the evidence (a) did not support a finding of his awareness of 30 kilos, and (b) required a minor role adjustment. There is no merit to these contentions. The information furnished by Olaya in his safety valve proffer under U.S.S.G. § 5C1.2(5), together with other information available to the sentencing judge, showed Olaya's awareness of, and significant participation in, a vast and complex conspiracy involving numerous participants and large amounts of drugs. The commentary to the guidelines explicitly provides that the information provided by a defendant in his safety valve proffer "may be considered in determining the applicable guideline range." U.S.S.G. § 5C1.2, app'n note 7.

We have considered the defendants' other contentions and find them to be without merit.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be, and it hereby is, AFFIRMED.